### JAMES CULLEN *vs.* JUSTUS LOWERY.

On a *certiorari* the court will sometimes hear proof of *facts* not appearing from the record; as that a *plea* or *defence* was offered which the justice refused to hear or to enter on his record, &c.

In general the proof is to be taken by *depositions*.

Motion for leave to take depositions always founded on an *affidavit* of the facts.

But the court will not admit proof of facts to give *jurisdiction* to the justice if the record do not present a case within his jurisdiction.

CERTIORARI to Justice Hammersley.

Record. " Justus Lowery, collector of school district, No. 44, Kent county, vs. James Cullen. Summons on account of taxes. Sum demanded, $3 51. Summons issued to C. W., constable, 24th February, 1837, returnable 4th March, 1837." Appearance; and, after several adjournments, trial; and judgment for plaintiff for $3 51, and $2 26 costs; 18th March, 1837.

Exceptions. That the justice of the peace had not jurisdiction of the cause of action in this case, the same being for a *school tax*, and the said James Cullen not having removed from the said school district, or died without making payment of said tax.

*Frame*, of counsel for Cullen, inquired of the court what was the course of practice in relation to the proof of errors in fact.

This is an action by Lowery against Cullen for a school tax. By the law the collector can proceed for these taxes by action before the justice only in the case of removal from the district or death of the party. (8 *Del. Laws*, 23.) In any other case the collector must levy by a summary proceeding. The jurisdiction of the justice, therefore, depends upon a *fact*, whether Cullen had removed from the district or was dead. The record does not show this fact, and the

1st question is, whether the respondent, who sets up this judgment, is not bound to sustain the jurisdiction by showing the removal; and,

2d. Supposing the appellant to be bound to prove the want of jurisdiction, how shall the proof be taken? If there be any matter of *fact* which, *upon certiorari*, can be urged *against a record*, surely this is one.

*The Court* said that it was first decided by the late Supreme Court in the case of *Bailey* vs. *Luff*, (*a*) that certain errors in fact might

---

(*a*)   In the Supreme Court.   October Term, 1826.

Edmund Bailey, defendant below *vs.* John W. Luff, plaintiff below.

CERTIORARI to Justice Kimmey.

Several exceptions were taken to the record in this case, the principal one being the sixth, as to which:

be alledged and proved on certiorari; and that case was adjudged on much consideration. The mode of taking the proof was in that case ordered to be by *depositions,* and it was so ordered by this court in the case of *Messick* vs. *Dawson,* (*ante,* p. 50,) but in other cases

JOHNS, *Chief Justice,* said; the sixth exception is, that the defendant below pleaded a discount, and offered in evidence a transcript of a record before another justice, of an action *Edmund Bailey* vs. *John W. Luff,* and judgment by confession for $4 52, and 56 cents costs, in favor of Bailey, which was not allowed; and the justice refused to enter the same on his docket.

As this case was tried by referees, it is to be understood that the objection is, that the plea of discount was not allowed by the referees, either because the justice would not receive but rejected it, or that it was not on the docket, and from the record the fact of its being disallowed appears on the new trial, for the report is for the whole sum claimed by the plaintiff. But the facts, 1st. That the discount was pleaded, and 2d. That the transcript was offered in evidence do not appear from the record, and the question is, whether the court can hear testimony to prove these facts.

Under the acts for the recovery of small debts, passed prior to the time of passing the act of 1825, it has been considered as a general rule, that on a *certiorari* the court are to decide on the record, and can hear nothing out of it; to inspect the record, confine the justice to cases within his jurisdiction, and his execution of his powers in the manner prescribed by law, and not to inquire and re-decide the merits of the case, if the same have been fairly and regularly tried; for this correction is provided for by allowing an appeal in certain cases. But on a certiorari the court may reverse for *want of jurisdiction,* for not proceeding in the *manner the law directs,* and perhaps for *admitting and deciding* on *illegal evidence* alone, if this appears, and punish the justice for neglect, etc.

The jurisdiction of a justice of the peace created by the act of 1825, differs from the limited jurisdiction in England. [*Way* vs. *Steward,* in the Superior Court, about 1795.] It is a delegation of a part of the powers of the common law courts to an inferior tribunal. It extends to all causes of action arising from obligation, or express or implied promise or contract for the payment of money, render of rent or delivery of produce, chattels, goods, wares or merchandize, not exceeding fifty dollars. [6 *Del. Laws,* 433 :] and by the act of 1810 (4 *Del. Laws,* 310,) to all trespasses for injuries done to real or personal property where the damages do not exceed $32; except against officers for official acts, and where the title to freehold is pleaded : and it also extends to assaults and batteries, when the offender agrees to submit.

If the *merits* are to be reviewed, an appeal is provided; and by certiorari in all cases, this court have, by the act of 1760, (1 *Del. Laws,* 376,) a discretionary power to examine and correct the errors of justices; and to examine, correct and punish the contempts, omissions, neglects, favors, corruptions

the evidence has been taken at bar.    The practice, therefore, seems to have varied according to convenience or perhaps consent, in each case; but a suggestion of the error in fact sought to be proved has always been made in writing, supported by *affidavit*, that the court may judge whether they will allow the testimony to be taken.

and defaults of justices of the peace, as *fully and amply* as the justices of the King's Bench and Common Pleas at Westminster, may or can do.    [*Way* vs. *Steward*, in S. C. 1795; 3 *Yeates*, 479  3 *Bin.* 27-8.]

The acts of 1810 and 1825, gave no additional superintending power to this court, nor is there any other mode provided as to the mode of exercising this power.    By the fortieth section of the act of 1825, the certiorari is recognized as a remedy; it must, therefore, be exercised in the manner prescribed by the act of 1760, which refers to, and limits the exercise of this power to the powers and practice in England, and also by the practice heretofore established.

In England, the writ of certiorari is used to remove records and proceedings of inferior tribunals to the Court of King's Bench, for a variety of purposes; and it is used to remove proceedings before justices of the peace.    And where a new jurisdiction is erected by statute, with a power to act in a summary method, or in a new course different from the common law.    1 *Salk.* 263; *Carth.* 494; *Com. Rep.* 80; 1 *Lord Ray.* 469; 3 *Binn.* 28.

In cases of certiorari to remove orders made by justices of the peace in England, the Superior Court generally decides from the facts appearing on the record.

There is one case in England, where the court looked beyond the record for a *fact;* and that was to ascertain that the prosecutor was a civil officer, which by statute entitled him to costs; and the court allowed this fact to be proved by affidavit.    *King* vs. *Smith*, 1 *Burr. Rep.* 55.

In Pennsylvania, a different practice on certiorari has prevailed; the cases decided there do show that the Supreme Court, to prevent injustice, have inquired into the evidence before the justice, and affidavits have been admitted to be taken to prove the cause of action.    [3 *Yeates*, 479.]    In *Vanciver* vs. *Bolton*, 2 *Dall.* 114, the defendant's affidavit that the debt had been proved before the justice by the plaintiff's oath alone, was deemed by chief justice *M'Kean*, sufficient for throwing the *onus probandi*, if other evidence, on the plaintiff.

The facts dehors the record.    1st. That the *plea of discount* was pleaded; and secondly, that sufficient *evidence was offered* to support the plea, are relied on as sufficient for the reversal of the judgment; and it is insisted that the court should hear testimony to prove those facts; which is denied by the defendant's counsel, on the ground of the rule confining the court to the facts on the record; to which it is replied by the plaintiff's counsel, that to apply the rule to cases under the act of 1825, under $15, where the material fact of a discount brought forward and insisted on, which the act re-

But we do not think this a case for hearing testimony in *support* of the magistrate's jurisdiction. The record *itself* ought to show a case within the jurisdiction of the justice without proof *aliunde ;* and as the fact on which the jurisdiction in this case depends does not

quires to be recorded, will defeat the remedy by certiorari, and also the operation of this important provision in the act of 1825.

The court have examined the 16th section of the act of 1825, and compared it with the 13th section of the act of 1792, and also the 13th section of the act of 1818. There is a substantial difference as to docket entries, particularly with respect to any demand insisted on by the defendant; it (the demand) is required to be set down and its amount.

This provision was intended to give the defendant an opportunity, if his discount should not be received and decided on, of having the question reconsidered on a certiorari. This benefit the defendant might waive, and then he could not take advantage of it as error; but the defendant alledges that he insisted on it as matter of defence, and that it was not only disallowed on sufficient evidence to support and none against it, but that the justice also *refused to enter the defence on his docket.* The fact then is not recorded; and unless the court will suffer the fact to be proved the defendant can have no remedy on the certiorari.

It is true the defendant below has one remedy, that is by action against the justice; and the justice may be indicted in certain cases, and every omission to make docket entries in the manner prescribed by the act, which will not be sufficient ground for reversing the judgment; but it must depend on the nature of the matter not entered on the docket, and how it affects the legal rights of the party to a trial of the matters in dispute before the justice, and also whether the defendant has waived the right to this exception by not objecting to it in due time and in the proper manner.

The general rule is a good one, but it does not govern in all cases in England; some exceptions were admitted even there. In Pennsylvania it is not adhered to, and in practice here its application to every case is not established by any decisions we can recollect; but it has been considered to be a general rule, and this court consider, that *generally the rule should be applied to cases under the act of* 1825, but that it must be subject to *some modifications* or admit of *some exceptions.* And that one class of cases, on the principle of necessity, must be an exception; those cases are, where the *nature* of the *cause of action,* and the *pleas* and *defence,* are *not set down* or made a part of the record below. There may be other cases which, on the same principle, ought to be exceptions to the rule. When such occur it will be time enough to decide them.

If facts, such as that a discount was pleaded, that the justice refused to receive the plea or have it tried, are not set down on the docket or any other part of the proceedings, it will be impossible to prove the facts otherwise than by resorting to something else than the record, and from necessity

appear from this record, the judgment must be reversed, unless the party is yet in time to get a further return.

　　　　　　　　　　Diminution alledged, and continued.

　　*Frame,* for plaintiff in error.

testimony must be admitted to prove the facts. But if the defence of a discount submitted to and tried by the *referees,* on a contrariety of evidence, and by them disallowed after hearing of the evidence, should be the facts proposed to be proved, it would be a very different question; for the referees are the legal judges, and in some cases and perhaps in all cases fairly and regularly tried by them, their decisions are conclusive, unless where the law allows an appeal. And in like manner in case the trial is by the justice, if legally conducted, and the justice has jurisdiction. His decision must be conclusive unless where an appeal lies; but this must be understood if the justice has legal or competent evidence to found his decision on, the sufficiency of which, not conclusively as to its competency, he is to judge of; and it would exclude relief in a case where a justice renders judgment for a demand, founded on incompetent evidence alone; as if he should give judgment for a demand proved only by the plaintiff's oath, as in the case in 2 *Dallas' Rep.*

None of the exceptions in this case have been sustained, and are therefore over-ruled, except the 11th, which has been by us considered as the 6th exception.

The court is of opinion in this case, that *testimony may be offered to prove that the defendant below offered the plea of " discount ;"* that the justice *refused to receive it* or to have it *tried,* and that the *plea was not set down on the docket.* The mode of hearing must be by *taking depositions* on notice; and, first, the appellant must make an *affidavit* of the *truth of the facts;* as to the justice's refusing to receive the plea and have it tried; and also as to the justice's refusing to enter the plea on his docket.

So the case must be continued for hearing after affidavit and depositions filed.

Note.—It is admitted in the foregoing opinion, that if judgment, on illegal or incompetent evidence, be rendered, it is error; but it is not intended that the hearing of incompetent evidence, by referees or justice, is of itself sufficient to vitiate the other proceedings, if other evidence.

*Quere.* If a substitute for a bill of exceptions ought not to be provided, and how? [See 5 *Binn.* 31, 33.] The justice is not bound to set out the evidence on which his judgment is founded.

*Quere.* If attachment may not be used to compel justices to make proper entries and to punish for omissions, &c?